# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOEY McLEOD** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 2:10-cv-01907** |
| **NEW ORLEANS PUBLIC BELT RAILROAD COMMISSION,** | * | **JUDGE: HELEN G. BERRIGAN** |
| **D/B/A NEW ORLEANS PUBLIC BELT RAILROAD COMPANY** | * | **MAG. JUDGE: JOSEPH WILKINSON** |

\* \* \*

## ORDER AND REASONS[1]

Before the Court is a Rule 50 Motion for Judgment as Matter of Law and Remittitur or, alternatively, a Rule 59 Motion for a New Trial filed by The New Orleans Public Railroad Commission. ("NOPB") (Rec. Doc. 169). The plaintiff, Joey McLeod ("Plaintiff") opposes the motion. (Rec. Doc. 170). The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and applicable law, the Court finds that the Defendant's motion is DENIED.

## I. BACKGROUND & PROCEDURAL HISTORY

This case arises from an on-duty injury sustained by the Plaintiff on September 24, 2009 when he was working for NOPB as a railroad mechanic. (Rec. Doc. 1, p. 1). On September 24, 2009, NOPB ordered Plaintiff to download engine event recorder data from an NOPB locomotive train that had derailed on the NOPB tracks near Nashville Avenue in New Orleans. *Id.* at 2. NOPB also ordered Plaintiff to descend underneath the derailed train in order to check the train's wheels. *Id.* While Plaintiff was under the train, the train began to move causing the Plaintiff to escape under

---

[1] Jessica Earl, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

the moving train and sustain injuries to his lumbar spine and lower back. *Id.* As a result of this event, Plaintiff filed suit against NOPB in this Court on July 6, 2010 under the Federal Employees' Liability Act ("FELA") alleging that NOPB failed to provide him with a reasonably safe place to work and failed to comply with 49 C.F.R. § 218 Subpart B - Blue Signal Protection for Workers. *Id.* at 3-4. On August 17, 2011, Plaintiff filed an Amended Complaint for Damages, alleging additional negligence and strict liability claims including a claim that NOPB violated the Federal Safety Appliance Act ("FSAA"), 49 U.S.C. § 20302, *et seq*. (Rec. Doc. 83, p. 1-2). A jury trial of this matter commenced on May 21, 2012. (Rec. Doc. 169, p. 2). At the conclusion of the presentation of the evidence, the Court instructed the jury that NOPB would be absolutely liable for violations of 49 C.F.R. § 218 and 49 U.S.C. § 20302 if the Plaintiff met his burden of proof. (Rec. Doc. 141, p. 5). After deliberation, the jury returned a verdict finding for Plaintiff as to the strict liability claims. *Id.* On May 24, 2012, judgment was entered reflecting a reduction of the verdict. (Rec. Doc. 142). On May 31, 2012, an amended judgment was entered for the full amount of damages for Plaintiff. (Rec. Doc. 145).

NOPB now moves the Court for Judgment as a Matter of Law, Remittitur, or in the alternative, Motion for New Trial. NOPB argues the jury finding was unreasonable because Plaintiff failed to offer sufficient probative evidence in support of his strict liability claims. (Rec. Doc. 169, p. 3). NOPB asserts it was unreasonable for the jury to find that NOPB had violated the statute and regulation at issue because there was no affirmative evidence presented that (1) a malfunction of a coupler occurred or (2) that Larry Keys, a coworker of the Plaintiff, had a duty to place a warning blue flag on the train while Plaintiff was working underneath. *Id.* NOPB argues that because Plaintiff failed to provide probative evidence of each element of his strict liability claim, judgment as a matter of law or, in the alternative, a new trial, is appropriate.

## II. LAW AND ANALYSIS

### A. Standard of Review for Post Trial Motions

#### i. Motion for Judgment as a Matter of Law

A jury's verdict may be disturbed on a motion for judgment as a matter of law only if there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. Fed. R. Civ. Pro. 50(a)(1).[2] In reviewing the sufficiency of the evidence, the court considers all of the evidence, not just the evidence that supports the non-mover's case, in a light with all reasonable inference most favorable to the party opposed to the motion. *Maxey v. Freightliner Corp.,* 665 F.3d 1367, 1371 (5th Cir. 1982) (en banc); see also *Greenwood v. Societe Francais de*, 111 F.3d 1239, 1245 (5th Cir. 1997). "The verdict must be upheld unless the facts and inference point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary." *Western Company of North America v. United States*, 699F.2d 264, 276 (5th Cir. 1984), cert. denied, 464 U.S. 892 (1983); *see also Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir. 1996), cert. denied, 519 U.S. 869 (1996). Because credibility determinations, weighing evidence, and drawing reasonable inferences in light of common experience are functions best left to the jury, courts should generally be "especially deferential" to a jury's findings. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir.2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

---

[2]Defendant's post-trial motion is technically a "renewed motion for judgment as a matter of law" under Federal Rule of Civil Procedure 50(b) rather than a "motion for judgment as a matter of law." Nevertheless, the standard of review is the same upon first considering the motion at the close of the opposing side's case and then reconsidering the motion post-trial.

**ii. Motion for a New Trial**

Alternatively, under Federal Rule of Civil Procedure 59(a), a motion for new trial in a jury case may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. Pro. 59(a). Those grounds include verdicts which are against the weight of the evidence, verdicts that are too large or too small, newly discovered evidence, misconduct of counsel or the court or misconduct affecting the jury. *Smith v. Transworld Drilling Co.*, 773 F.2d 610 (5th Cir. 1985); C. Wright, A Miller & M. Kane, 11 Federal Practice & Procedure, § 2805, et. seq. (West 1995). While a court should "respect the jury's collective wisdom and must not simply substitute its opinion for the jury's," if a district judge is dissatisfied with the jury's verdict, he has both the right and also the duty to set aside the verdict and order a new trial. *Smith*, 773 F.2d at 613.

**iii. Remittitur**

Depending on the circumstances of the case, a district court has the option of either granting a new trial or a remittitur on the issue of damages. *See Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 (5th Cir. 1992). "[W]hen a jury verdict results from passion or prejudice, a new trial, not remittitur is the proper remedy." *Id.* However, a damage award that exceeds the "bounds of any reasonable recovery" is properly corrected through remittitur, rather than a new trial. *Id.* A court should not disturb a jury's damages award unless it is "entirely disproportionate to the injury sustained." *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421 (5th Cir. 1988) (quoting *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983)); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 568 (5th Cir. 1994) (stating "where a damage award is excessive or so large as to appear contrary to right or reason, the award is generally subject to remittitur …"). If the jury's award is unacceptably disproportionate, either the district or appellate court should reduce the award to "the maximum

amount the jury could properly have awarded." *Brunnemann*, 975 F.2d at 178; Simeon, 852 F.2d at 1426 (quoting *Caldarera*, 705 F.2d at 784). The Fifth Circuit has long recognized that because pain and suffering are largely insusceptible to monetary quantification, the jury necessarily enjoys especially broad leeway in making general damage awards. *Simeon*, 852 F.2d at 1427. A court reviews a motion for remittitur claiming excessiveness by comparing the questioned award with rulings in factually similar cases decided under the relevant controlling law. *Marcel*, 11 F.3d at 568.

**B. Safety Appliance Act Claim**

NOPB first argues that the jury's verdict as to Plaintiff's FSAA strict liability claim was unreasonable because Plaintiff failed to present sufficient probative evidence that a statutory violation occurred. (Rec. Doc. 169, p. 6). The FSAA requires certain railroad equipment be kept in a proscribed condition, and if equipment is not kept in the proscribed condition and an employee is injured, the employee may bring a cause of action under FELA. *See* 49 U.S.C.A. § 20302, *et seq*. An injured railroad employee is required to prove only the statutory violation and is relieved of the burden of proving negligence, stating "[c]ongress has thus for its own reasons imposed extraordinary safety obligations upon railroads and has commanded that if a breach of these obligations contributes in part to an employee's death, the railroad must pay damages." *Coray v. Southern Pac. Co.*, 335 U.S. 520, 524 (1949); *see also Rivera v. Union R. Co.*, 378 F.3d 502, 506 (5th Cir. 2004) (holding judgment as a matter of law against a FELA plaintiff is appropriate "only when there is a complete absence of probative facts supporting the plaintiff's position."). As a result, the Fifth Circuit has recently articulated, in a FELA case, "the plaintiff's burden of proof is 'featherweight.'" *Howard v. Canadian Nat'l./Illinois Cent. R.R.*, 233 Fed.Appx. 356, 357 (5th Cir. 2007).

NOPB contends that it is entitled to judgment notwithstanding the verdict because Plaintiff failed to present sufficient evidence that a violation of the FSAA occurred. NOPB argues that

Plaintiff solely relied on one statement prepared by Safety Superintendent of the NOPB, John McCrossen, which McCrossen later recanted in his deposition testimony as being incorrect. (Rec. Doc. 169, p. 6). NOPB argues that McCrossen's written statement explained a pin fell down during coupling, causing two cars and the locomotive to derail, but McCrossen later explained this written statement was false because he did not actually see anyone lift the pin nor did he actually see the pin fall down. *Id*; (Rec. Doc. 161, p. 136-137). First, Plaintiff counters that McCrossen's testimony was impeached at trial when he recanted his previous written statement authored on the day of the derailment in which he clearly stated the coupler malfunctioned. (Rec. Doc. 170, p. 12). Second, Plaintiff argues he does not solely rely on McCrossen's written statement, but he also relies on the testimony that both he and his coworker Larry Keys, who was also present during the accident, gave during trial. *Id.*; *See also*, Testimony of Larry Keys, (Rec. Doc. 161, p. 94, 103); Testimony of Joey McLeod (Rec. Doc. 162, p. 17-18).

NOPB argues that Plaintiff did not show sufficient evidence and the "overwhelming weight of evidence based on sworn testimony in [the] case clearly established there was no defect or malfunction." (Rec. Doc. 169, 7-8). The Court disagrees with NOPB's assessment of the evidence and finds that the evidence sufficiently supports the jury verdict. NOPB disregards the applicable standard in FELA cases which only allows judgment as a matter of law when Plaintiff has a *complete lack* of probative evidence, which is a "featherweight" burden of proof. *Howard*, 233 Fed. Appx. at 357. It is clear the jury accepted not only the written statement produced by McCrossen, but it also accepted the testimony of Plaintiff and his coworker Larry Keys as sufficient to prove the coupler failed to operate properly. Plaintiff has met his burden under *Rivera* by offering much more than a "complete lack" of probative evidence during trial that a violation of FSAA occurred, and the jury verdict was not against the clear weight of evidence. *Rivera*, 378 F.3d at 506. As a result,

Defendant's Motion for Judgment as a Matter of Law or Motion for a New Trial as to Plaintiff's FSAA claim is DENIED.

**C. Strict Liability Claim for Violation of the Blue Flag Rule**

NOPB next argues that the jury verdict as to Plaintiff's second strict liability claim was unreasonable because Plaintiff failed to present any evidence showing NOPB violated 49 C.F.R. § 218.25, the Blue Flag Rule. The Blue Flag rule states, in part: "When workers are on, under, or between rolling equipment on a main track: (a) A blue signal must be displayed at each end of the rolling equipment." 49 C.F.R. § 218.25. Once a blue flag is displayed, no work can be done on the locomotive while the employee is on, under, or between the rolling equipment. (Rec. Doc. 170, p. 4). Under FELA, a violation by a common carrier of any statute enacted for safety of employees results in strict liability imposed upon the carrier. 45 U.S.C. § 53. Full liability will be imposed on a common carrier for a violation of safety statutes, barring any consideration of alleged contributory negligence on the part of the FELA employee. *See Belle v. New Orleans Public Belt*, 2010 WL 2010509 (E.D. La. May 17, 2010) (denying motion for new trial although jury was instructed that it must find railroad negligent if it finds railroad violated safety standards for radio communication during train movements in 49 C.F.R. § 220.49).

NOPB argues that Plaintiff failed to produce evidence that Larry Keys, the apprentice who was working with Plaintiff during the accident, had any obligation to raise the blue flag. (Rec. Doc. 169, p. 8). NOPB contends that both Plaintiff and Keys testified in trial that neither man was required to lift the blue flag because the locomotive was under red flag protection, and therefore it is inconsistent to find NOPB liable when neither man was required to lift the flag. *Id.* Further, NOPB argues it was *solely* Plaintiff's responsibility to raise the blue flag, as Keys was an apprentice working under the supervision of Plaintiff. *Id.* The Court disagrees with NOPB's interpretation of

the statute at hand. Plaintiff claims that both he and Keys were supposed to raise the blue flag, and he concedes contributory negligence when he did not raise a blue flag before going underneath the locomotive. (Rec. Doc. 170, p. 13-14). Further, Plaintiff notes that every NOPB official questioned at trial regarding the Blue Flag Rule agreed that this rule applies to all individuals working in the Mechanical Department, including both Plaintiff and Larry Keys. *Id.* at 13; *see also* Testimony from NOPB Mechanical Superintendent, John Morrow (Rec. Doc. 161, p. 169-170); Testimony from NOPB Mechanical Foreman, Michael Ranson (Rec. Doc. 162, p. 178-179). The jury clearly agreed that the Blue Flag regulation covers all workers, including apprentices, and therefore it was both Plaintiff and Larry Key's responsibility to raise the blue flag in this situation. (Rec. Doc. 170, p. 14-15). Plaintiff therefore was not solely responsible for the violation of the regulation, and NOPB cannot avoid strict liability under 49 C.F.R. § 218.25. As a result, Defendant's Motion for Judgment as a Matter of Law or Motion for a New Trial as to Plaintiff's Strict Liability claim for Violation of the Blue Flag Rule is DENIED.

**D. Claimed Excessiveness of Jury's Award for Future and Past Wage Loss**

Finally, NOPB requests remittitur of the jury verdict, claiming that the award of future lost earnings of $440,465 and past lost wages of $140,470 was excessive and unsupported by evidence. (Rec. Doc. 169, p. 9). A court should not disturb a jury's damages award unless the award is completely disproportionate to the injury in question. *Caldarera*, 705 F.2d at 784. In order to grant remittitur, the Court must determine whether the jury's verdict was "within the universe of possible awards which are supported by the evidence." *Brun-Jacabo v. Pan-American World Airways, Inc.*, 847 F.2d 242, 246 (5th Cir. 1988). "However, if the verdict is within that universe, then the district court may not properly grant a new trial solely because it deems the verdict inadequate." *Id.*

NOPB argues that the verdict is unreasonable because Plaintiff did not submit any evidence

to the jury in support of his wage loss claim, and Plaintiff did not retain a vocational expert, did not submit to a vocational rehabilitation expert, and provided no testimony reflecting any substantive effort to return to employment. (Rec. Doc. 170, p. 10). NOPB contends that, according to the testimony of its expert vocational consultant, Plaintiff could return to work as a truck driver at the sum of $47,000 per year. *Id.* at 9. NOPB claims truck driver is considered light duty work of which Plaintiff is capable. *Id.* The Court has previously denied this argument in its order denying NOPB's Motion in Limine, based on the Fifth Circuit ruling in *Barocco v. Ennis, Inc.* in which the court held that a vocational rehabilitation expert is not required to support a claim for loss of future earnings. 100 Fed. Appx. 965, 968 (5th Cir. 2004); (Rec. Doc. 130, p. 6). In its Order, the Court did state that Plaintiff did have the burden of proving his incapacity, in the manner that he so chooses. (Rec. Doc. 130, p. 6). Plaintiff contends he has met the burden of proving incapacity because his treating orthopedic surgeon, Dr. Logan, testified that Plaintiff could return to work, but he recommended that light work was the best option, given the Plaintiff's injuries. (Rec. Doc. 170, p. 17). Further, Plaintiff argues that he did provide evidence of his various attempts to return to employment. *Id.* at 18. Plaintiff argued that even upon returning to light duty work, his residual earning capacity was now lower, at $20,000 per year. *Id.*

The Court finds that Plaintiff did, in fact, bring evidence as to his wage loss claim, and the jury was free to determine whether Plaintiff could return to work and at what salary. The verdict returned by the jury, of future wage loss in the amount of $440,465 and past wage loss in the amount of $140,470 is within the realm of reason, and it does not shock the judicial conscious. Further, the Court finds that the jury was reasonable in weighing Plaintiff's future wage loss as it determined that Plaintiff could likely earn more than the $20,000 Plaintiff argued at trial, but less than the $47,000 per year suggested by NOPB. This reasonable balance by the jury indicates the final verdict for

damages was within the universe of possible awards, which were supported by the evidence presented by both parties at trial. As a result, Defendants request for remittitur of the jury verdict is DENIED.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Rule 59 Motion for a New Trial or, alternatively, a Rule 50 Motion for Judgment as a Matter of Law is DENIED.

New Orleans, Louisiana, this 28th day of January, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**